

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

CV 16-5052

| UNITED STATES OF AMERICA, | ) | CR 03-50003 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION TO CORRECT SENTENCE** |
| | ) | **PURSUANT TO 28 U.S.C. § 2255** |
| STACY WINTERS, | ) | |
| | ) | |
| Defendant. | ) | |

Stacy Winters was sentenced to 120 months in prison for use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Winters' underlying conduct no longer qualifies as a "crime of violence."

Winters was convicted and sentenced under 18 U.S.C. § 924(c), which prohibits the use of a firearm during and in relation to any crime of violence. For the purposes of this section, "crime of violence" means a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Subsection (B) is similar to the residual clause of the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(B)(ii).[1] In *Johnson*, the Supreme Court struck down ACCA's residual clause

---

[1] Under ACCA's residual clause, an offense is a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii),

as unconstitutionally vague. 135 S. Ct. at 2557.[2] Two features of the residual clause "conspire[d] to make it unconstitutionally vague." *Id.* First, the residual clause left "grave uncertainty about how to estimate the risk posed by a crime." *Id.* Second, the residual clause left "uncertainty about how much risk it [took] for a crime to qualify as a violent felony." *Id.* at 2558. These features also plague the residual clause of § 924(c)(3), which calls for a similarly impossible and unpredictable assessment of risk. *Johnson*'s invalidation of the residual clause in ACCA thus applies to the residual clause of § 924(c).

A number of circuits have found that *Johnson* invalidates the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3).[3] *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). It follows that § 924(c)(3) is unconstitutionally vague as well.

A number of district courts have found that the § 924(c) residual clause is void for vagueness in light of *Johnson*. *See, e.g., United States v. Smith*, No. 2:11-cr-00058-JAD-CWH, 2016 WL 2901661 (D. Nev. May 18, 2016); *United States v. Lattanaphom*, No. CR. 2:99-00433 WBS, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016); *United States v. Bell*, __ F. Supp. 3d __, No.

---

[2] *Johnson* is retroactive in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

[3] Under 18 U.S.C. § 16(b), the term "crime of violence" means "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This definition differs from § 924(c)(3)(B) by a comma.

15-cr-00258-WHO, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016); *United States v. Edmundson*, __ F. Supp. 3d __, No. PWG-13-15 (E.D. Md. Dec. 30, 2015). *But see United States v. Prickett*, No. 3:14-CR-30018, 2015 WL 5884904 (E.D. Ark. Oct. 8, 2015). Additionally, the Second, Fourth, Seventh, Ninth, and Eleventh Circuits have authorized second or successive 28 U.S.C. § 2255 motions in § 924(c) cases, finding that the movant has made a prima facie showing that *Johnson* invalidated the residual clause of § 924(c).[4] Only one circuit has rejected a post-*Johnson* challenge to the residual clause of § 924(c). *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). The effect of *Johnson* on the residual clause of § 924(c) is clear: it invalidates the provision just as in ACCA.

Winters does not have an underlying crime of violence to sustain a conviction for use of a firearm during and in relation to a crime of violence. As a result, Winters' current conviction and sentence violate his due process rights. He is entitled to have his conviction vacated pursuant to 28 U.S.C. § 2255(a).

For these reasons, and those set forth in his motion, Winters asks that his conviction and sentence under § 924(c) be vacated.

---

[4] *See, e.g., Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016); *Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016); *In re Pinder*, No. 16-12084 (11th Cir. June 1, 2016).

*United States v. Stacy Winters*
CR 03-50003
Memorandum in Support of Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255
June 15, 2016
Page 3

Dated this 15th day of June, 2016.

Respectfully submitted,

*/s/ Neil Fulton*
Neil Fulton, Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
101 South Pierre Street, Third Floor
P.O. Box 1258
Pierre, SD 57501
Telephone: (605) 224-0009; Facsimile: (605) 224-0010
filinguser_SDND@fd.org