UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
SEP 08 2016



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STACY WINTERS, | * | CIV. 16-5052 |
| | * | CR 03-50003 |
| Movant, | * | |
| | * | |
| vs. | * | MEMORANDUM OPINION AND |
| | * | ORDER DENYING MOTION |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Stacy Winters has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States responded with a Motion to Dismiss. (Doc. 11.) For the following reasons, the Motion to Vacate will be denied.

## BACKGROUND

Winters pled guilty to voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153 (count 1), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count 2). On November 1, 2004, Winters was sentenced to consecutive sentences of 120 months on each count. In his § 2255 motion filed on June 15, 2016, Winters claims that his conviction on count 2 for use of a firearm during a crime of violence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## DISCUSSION

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S.Ct. at 2557–58. The ACCA, 18 U.S.C. § 924(e), defines the term "violent felony" as any crime

punishable by a term of imprisonment exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause" (the "ACCA residual clause"). The ACCA residual clause covers "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court in *Johnson* made clear that its holding that the ACCA residual clause is void did not invalidate the elements clause or the enumerated crimes. 135 S. Ct. at 2563.

Post-*Johnson*, federal prisoners who were sentenced in reliance on the ACCA's now-void residual clause in 18 U.S.C. § 924(e) are entitled to file a § 2255 motion in district court because *Johnson* announced a new rule of constitutional law made retroactively applicable to ACCA cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264-65 (2016).

Winters, however, was not sentenced under the ACCA found in 18 U.S.C. § 924(e). Rather, as explained above, Winters was sentenced for the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) provides, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years....

18 U.S.C. § 924(c)(1)(A). Under § 924(c), "crime of violence" is defined as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

18 U.S.C. §§ 924(c)(3)(A) and (B). The clause in subsection A is referred to herein as the "elements" clause. The government does not argue that Winters' conviction for voluntary manslaughter is a crime of violence within the meaning of the elements clause in § 924(c)(3)(A). The latter clause in subsection B, referred to as the "§ 924(c) residual clause," contains language that is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.

Winters cites a number of district court cases holding the § 924(c) residual clause void for vagueness in light of *Johnson*, and he also cites appellate court opinions authorizing successive § 2255 motions in § 924(c) cases, finding that the movant made a prima facie showing that *Johnson* invalidated the § 924(c) residual clause.[1] (Doc. 13 at 9-10.) *But see United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (holding that 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague); *In re Fields*, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (refusing to authorize successive § 2255 based on argument that *Johnson* applies to § 924(c)(3)(B) residual clause).

After Winters filed this § 2255 motion, the Eighth Circuit held that *Johnson* does not apply to the residual clause of 18 U.S.C. § 924(c). *See United States v. Prickett*, No. 15-3486, 2016 WL 4010515 (8th Cir. July 27, 2016). In light of *Prickett*, the government moved to dismiss Winters' § 2255. Although Winters recognizes this authority, he nevertheless maintains his request that this Court strike down the § 924(c) residual clause as unconstitutionally vague under *Johnson* and vacate his § 924(c) conviction.[2]

---

[1] The Sixth, Seventh and Ninth Circuits have held that identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague. *See Shuti v. Lynch*, 2016 WL 3632539 (6th Cir. July 7, 2016); *United States v. Vivas–Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). A panel of the Fifth Circuit also held that *Johnson* renders § 16(b) unconstitutionally vague. *See United States v. Gonzalez–Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc ordered*, 815 F.3d 189 (5th Cir. 2016). On rehearing en banc, the Fifth Circuit reversed, holding that §16(b) is not unconstitutionally vague. *See United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc).

[2] Without citing any authority, Winters asserts that his predicate offense for voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153 does not meet the requirement for a crime

This Court is bound by Eighth Circuit precedent. *See N.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (holding that Eighth Circuit precedent "is controlling until overruled by our court en banc, by the Supreme Court, or by Congress."). In *Prickett*, the Eighth Circuit refused to apply *Johnson* to § 924(c).[3] Applying Eighth Circuit law as it stands now, the Court must find that Winters' challenge to § 924(c)(3)(B) as unconstitutionally vague under *Johnson* fails.

Finally, Winters requests a certificate of appealability in order to seek review of this Order and to specifically call for reversal of *Prickett*. A habeas petitioner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A district court cannot grant a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *accord Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). A certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *See Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as a sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, the movant must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *accord Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

---

of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). The government does not argue otherwise. If the predicate crime is not a crime of violence under the elements clause, in the absence of the § 924(c) residual clause there would not be an underlying violent crime to sustain the § 924(c) conviction for use of a firearm during and in relation to a crime of violence.

[3]Winters points out that the government has asked for an extension of time to file a petition for rehearing in *Prickett*. In that motion the government still maintains that the § 924(c) residual clause is not unconstitutionally vague under *Johnson*. The motion for rehearing presumably will be based on tension between the *Prickett* panel's method for determining if a crime is one of violence and the method used by the Eighth Circuit in previous opinions. The tension relates to whether the categorical approach applies when classifying a crime of violence under § 924(c)(3)(B).

4

The Court concludes that a certificate of appealability is appropriate here even under this high standard because the cases demonstrate that Winters' claim that the rule announced in *Johnson* invalidates § 924(c)(3)(B) is "debatable among reasonable jurists." *Cox*, 133 F.3d at 568. He has cited a number of district court cases applying *Johnson* to § 924(c)(3)(B) and finding it unconstitutionally vague. And though the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally vague, *see Taylor*, 814 F.3d at 379, the Sixth, Seventh and Ninth Circuits have held that the identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague. *See Shuti*, 2016 WL 3632539, at *9; *Vivas–Ceja*, 808 F.3d at 723; *Dimaya*, 803 F.3d at 1120. Moreover, a number of appellate courts have granted movants permission to file a successive § 2255 motion based on the argument that *Johnson* applies to § 924(c)(3)(B). In addition, under both § 924(c) and § 924(e) (the ACCA), most circuit courts use the categorical approach to decide whether an offense is a "crime of violence," and that appeared to be the approach in the Eighth Circuit prior to the *Prickett* decision. Because of the tension between Eighth Circuit precedent using the categorical approach to classify a crime of violence and the *Prickett* decision indicating the categorical approach does not apply under § 924(c)(3)(B), the government has asked for an extension of time to file a petition for rehearing in *Prickett*, and the appellant in *Prickett* already has filed a petition for rehearing en banc. Due to the generally unsettled nature of the law on whether the rule announced in *Johnson* invalidates the residual clause of § 924(c), and the possibility that the United States Supreme Court someday might resolve the circuit splits that are developing in this area of the law, Winters is entitled to a certificate of appealability in this case. Accordingly,

IT IS ORDERED:

(1) That Stacy Winters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 1) is denied;

(2) That a certificate of appealability is granted to Stacy Winters on the issue whether the rule in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the residual clause of 18 U.S.C. § 924(c) such that Winters' § 924(c) conviction should be vacated; and

(3) That the United States of America's Motion to Dismiss, doc. 11, is denied as moot.

Dated this 8th day of September, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
            DEPUTY