UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STACY WINTERS, | * | CIV. 16-5052 |
| | * | CR 03-50003 |
| Movant, | * | |
| | * | |
| vs. | * | ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Stacy Winters (Winters) seeks to invalidate his conviction for use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Winters filed a 28 U.S.C. § 2255 motion in which he sought to vacate the § 924(c) conviction based on *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015) (holding that residual clause of the Armed Career Criminal Act (ACCA) at 18 U.S.C. § 924(e) is unconstitutionally vague). This Court denied relief to Winters in light of *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam) (holding that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague), *cert. denied.*, — U.S. —, 138 S.Ct. 1976 (2018), but granted Winters a certificate of appealability "[d]ue to the generally unsettled nature of the law on whether the rule announced in *Johnson* invalidates the residual clause of § 924(c), and the possibility that the United States Supreme Court someday might resolve the circuit splits that are developing in this area of the law." (Doc. 14.) On appeal, the Eighth Circuit affirmed denial of relief to Winters based on *Prickett*. (Doc. 19.) Winters filed a petition for a writ of certiorari with the United States Supreme Court.

On April 17, 2018, the United States Supreme Court decided *Sessions v. Dimaya*, — U.S.—, 138 S.Ct. 1204 (2018). The question addressed in *Dimaya* was whether the residual clause of the Immigration and Nationality Act, 18 U.S.C. § 16(b), "suffer[ed] from the same constitutional defect" as the similarly worded residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), that the Supreme

Court previously invalidated in *Johnson*. *See Dimaya*, 138 S.Ct. at 1210. After analyzing § 16(b), the Supreme Court observed that, like the residual clause of the ACCA, "the clause had both an ordinary-case requirement and an ill-defined risk threshold." *Id.* at 1223. Thus, because "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates[,]'" the Supreme Court concluded that § 16(b) was similarly void for vagueness. *Id.* (quoting *Johnson*, 135 S.Ct. at 2558).

On June 15, 2018, the United States Supreme Court remanded Winters' case to the Eighth Circuit for further consideration in light of *Dimaya*. Three circuit courts have held the § 924(c)(3)(B) residual clause unconstitutionally vague since *Dimaya* because the language is virtually identical to to that in §16(b). *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *United States v. Eshetu*, 898 F3d 36, 37 (D.C. Cir. 2018) (on petition for panel rehearing); *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018). On September 17, 2018, the Eighth Circuit issued a mandate remanding Winters' case to this Court for further reconsideration in light of *Dimaya*.

This Court appointed a lawyer to assist Winters in briefing the effect that *Dimaya* has on the question whether § 924(c)(3)(B)'s residual clause is unconstitutionally vague, including whether the Eighth Circuit's decision in *Prickett* remains binding after *Dimaya*. Briefing was completed in December.[1] The government states that there are a number of cases pending before the Eighth Circuit regarding this issue. (Doc. 34 at 2.) On November 29, 2018, the government filed a motion to hold this proceeding in abeyance pending a decision from the Eighth Circuit, arguing that a decision in this case "will be subject to upheaval depending upon the outcome of the various matters before the courts of appeals." (Doc. 34.) Winters opposed the motion to hold the case in abeyance. (Doc. 36.)

---

[1] The government has conceded that *Dimaya* undermined *Prickett's* holding that the categorical approach applies to § 924(c)'s residual clause, and the government now advocates for a case-specific approach. (Doc. 32.)

2

On January 4, 2019, the United States Supreme Court granted the government's petition for a writ of certiorari in *United States v. Davis* to determine whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, 2019 WL 98544 (S.Ct. Jan. 4, 2019). The government supplemented its motion to hold this case in abeyance after the petition for certiorari was granted in *Davis*. (Doc. 37.)

This Court finds that holding this proceeding in abeyance pending the Supreme Court's decision in *Davis* is the most economical method of handling this case. Accordingly,

IT IS ORDERED:

1. That the Government's Motion to Hold Case in Abeyance, doc. 33, is granted; and

2. That this case is held in abeyance until the Supreme Court issues the decision in *United States v. Davis*, No.18-431.

Dated this 28th day of February, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK