UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STACY WINTERS, | * | CIV. 16-5052 |
| | * | CR 03-50003 |
| Movant, | * | |
| | * | |
| vs. | * | ORDER GRANTING MOTION TO |
| | * | VACATE CONVICTION UNDER |
| UNITED STATES OF AMERICA, | * | 18 U.S.C. § 924(c) |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This action is before the Court on Stacy Winters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court will grant the motion for the following reasons.

## BACKGROUND

In 2004, Winters pled guilty to a superseding information which charged voluntary manslaughter in violation of 18 U.S.C. § 1112 (count one), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count two). *See United States v. Winters*, CR 03-50003, docs. 108 and 111. He was sentenced to 120 months' imprisonment on each count, to be served consecutively. *Id.* at doc. 147. The original sentence that Judge Battey imposed is summarized in *United States v. Winters*, 416 F.3d 856 (8th Cir. 2005) as follows:

> Winters faced a non-guideline statutory maximum of twenty years' imprisonment (240 months). The PSI indicated that Winters was subject to a range of 41 to 51 months' imprisonment for the manslaughter and a mandatory 120 months for the firearm charge. Accordingly, the PSI recommended a Guideline range for Winters between 161 and 171 months. The district court, however, rejected the recommendation to make a downward adjustment resulting in a Guideline range between 177 and 191 months. The district court, treating the Guidelines as discretionary, sentenced Winters to 240 months' imprisonment—the statutory maximum.

*Id.* at 857–58.[1]

In 2016, Stacy Winters (Winters) filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 arguing that his conviction under § 924(c) should be set aside because the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, — U.S.—, 135 S.Ct. 2551 (2015) (holding that residual clause of the Armed Career Criminal Act (ACCA) at 18 U.S.C. § 924(e) is unconstitutionally vague). (Docs. 1 and 2.)

In the Opinion denying Winters' § 2255 motion, the Court cited the clause in subsection A of 18 U.S.C. § 924(c)(3), which was referred to as the "elements" clause (also known as the "force" clause), and noted that "[t]he government does not argue that Winters' conviction for voluntary manslaughter is a crime of violence within the meaning of the elements clause in § 924(c)(3)(A)." (Doc. 14 at 2-3.)

This Court denied relief to Winters under § 2255 in light of *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (per curiam) (holding that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague), *cert. denied.*, — U.S. —, 138 S.Ct. 1976 (2018), but granted Winters a certificate of appealability "[d]ue to the generally unsettled nature of the law on whether the rule announced in *Johnson* invalidates the residual clause of § 924(c), and the possibility that the United States Supreme Court someday might resolve the circuit splits that are developing in this area of the law." (Doc. 14.) On appeal, the Eighth Circuit affirmed denial of relief to Winters based on *Prickett*. (Doc. 19.) Winters filed a Writ of Certiorari with the United States Supreme Court.

On April 17, 2018, the United States Supreme Court decided *Sessions v. Dimaya*, — U.S. —, 138 S.Ct. 1204 (2018). The question addressed in *Dimaya* was whether the residual clause of the Immigration and Nationality Act, 18 U.S.C. § 16(b), "suffer[ed] from the same constitutional defect" as the similarly worded residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), that the Supreme Court previously invalidated in *Johnson*. *Dimaya*, 138 S.Ct. at 1210. After analyzing § 16(b), the Supreme Court observed that, like the residual clause of the ACCA, "the clause had both an ordinary-case requirement and an ill-defined risk threshold." *Id.* at 1223. Thus, because "just like

---

[1] In a dissent, Judge Heaney asserted that the sentencing court erred by rejecting the downward adjustment for acceptance of responsibility and by varying upward from the Guidelines sentence.

ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates[,]'" the Supreme Court concluded that § 16(b) was similarly void for vagueness. *Id.* (quoting *Johnson*, 135 S.Ct. at 2558).

On June 15, 2018, the United States Supreme Court remanded Winters' case to the Eighth Circuit for further consideration in light of *Dimaya*. (Doc. 25.) Subsequently, the Eighth Circuit issued a Judgment and Mandate remanding to this Court for further reconsideration in light of *Dimaya*. (Docs. 25 and 26.)

On remand, a lawyer was appointed to assist Winters in briefing the effect that *Dimaya* had on the question whether § 924(c)(3)(B)'s residual clause is unconstitutionally vague, including whether the Eighth Circuit's decision in *Prickett* remained binding after *Dimaya*. Briefing was completed by the parties in December of 2018. For the first time, the government argued that voluntary manslaughter is a crime of violence within the meaning of the force clause in § 924(c)(3)(A), providing an alternative basis to uphold Winters' 924(c) conviction. (Doc. 32 at 2-3.) Before this, the government had defended the § 924(c) conviction solely under the residual clause in § 924(c)(3)(B). (Doc. 12.)

On November 29, 2018, the government filed a motion to hold Winters' case in abeyance pending a decision from the Eighth Circuit, arguing that a decision in this case "will be subject to upheaval depending upon the outcome of the various matters before the courts of appeals." (Doc. 34.) Winters opposed the motion to hold the case in abeyance. (Doc. 36.)

On January 4, 2019, the United States Supreme Court granted the government's petition for a writ of certiorari in *United States v. Davis* to determine whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, 139 S.Ct. 782 (2019). The government supplemented its motion to hold this case in abeyance after the petition for certiorari was granted in *Davis*. (Doc. 37.)

On February 28, 2019, this Court issued an Order holding this case in abeyance pending a decision from the United States Supreme Court in *Davis*. (Doc. 38.) The Supreme Court issued its decision on June 24, 2019. *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019). The Court held that the residual clause of subparagraph (B) of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. *See Davis*, 139 S.Ct. at 2336.

On July 17, 2019, the Court lifted the stay in light of *Davis*. (Doc. 40.) The parties submitted briefs in support of their respective views on the effect of *Davis* on Winters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

**LEGAL STANDARD**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007). Petitioner bears the burden of showing that he is entitled to relief. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970).

**DISCUSSION**

Winters argues his conviction for use of a firearm during and in relation to a crime of violence pursuant to § 924(c) is invalid in light of *Davis* and, therefore, the conviction should be vacated and his sentence corrected.

A "crime of violence" under § 924(c) is defined as a felony offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) [ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is often referred to as the "force clause," and § 924(c)(3)(B) is referred to as the "residual clause" of § 924(c)(3). *See Kidd v. United States*, 929 F.3d 578, 580–81 (8th Cir. 2019) (holding that aiding and abetting armed robbery involving controlled substances categorically qualifies as a crime of violence under 924(c)(3)(A)).

After *Davis*, a conviction under § 924(c) is only valid if the underlying offense qualifies as a crime of violence under the "force" clause in 18 U.S.C. § 924(c)(3)(A). The government did not argue that White's underlying conviction for voluntary manslaughter qualified as a crime of violence

4

under the force clause until after this case was appealed all the way up to the Supreme Court and was remanded back to this Court. The government could have raised the "force" clause argument earlier, giving this Court and the appellate courts the opportunity to dispose of the issue, and foreclosing a further appeal based on that argument. The government is foreclosed from raising the argument now. *See, e.g., United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) ("While the district court may entertain any issues it feels are relevant to the overall sentencing decision (following a general remand), this does not give the parties license to re-assert issues that they should have raised during an earlier appeal.") The waiver doctrine is meant to help discourage "perpetual litigation" and promote finality in criminal proceedings by requiring parties to seek review of a claim in the first appeal. *Id.* at 719. *See also Macheca Transport Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1194 (8th Cir. 2013) ("For over one hundred years, our court has repeatedly barred parties from litigating issues in a second appeal following remand that could have been presented in the first appeal"); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("Parties cannot use the accident of remand as an opportunity to reopen waived issues.").

In *Richardson v. Communications Workers of Amer., AFL-CIO*, 486 F.2d 801 (8th Cir. 1973), two defendant unions attempted to raise at the time of the second trial and appeal a claim that they should not be held jointly liable. The Eighth Circuit held that such a belated attempt should be barred under the law of the case doctrine, noting that "[i]n our prior opinion ordering a new trial on damages we discussed the unions as a single party since no claim as to their having any separate interests was raised on appeal." *Id.* at 804. The Court also upheld the district court's refusal on remand to instruct the jury to apportion damages between the two unions, in part because of "the unions' abandonment of these issues on the first appeal." *Id.* at 105.

The rationale of these cases applies here. Since the government failed to pursue the argument that Winters' 924(c) conviction is valid under the force clause of 924(c), this Court did not address it before Winters' first appeal. The only issue before this Court was the constitutionality of the residual clause in § 924(c)(3)(B) in light of *Johnson*, and thus it was the only issue on which a certificate of appealability was granted.[2] The Supreme Court and the Eighth Circuit eventually

---

[2] The certificate of appealability was granted "[d]ue to the generally unsettled nature of the law on whether the rule announced in *Johnson* invalidates the residual clause of § 924(c), and the

5

remanded to this Court for a determination of the validity of Winters' 924(c) conviction under the residual clause only. This is the law of the case and the government's belated argument may not be litigated.[3]

The only issue before this Court is whether Winters' § 924(c) conviction can be upheld under the residual clause of 18 U.S.C. § 924(c)(3)(B). *Davis* directly addressed the issue and held that § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 129 S.Ct. at 2324. Therefore, the Court will grant Winters' § 2255 motion and will vacate his § 924(c) conviction.

When relief under § 2255 is granted, the Court is required to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997) (citing 28 U.S.C. § 2255). "Section 2255 affords the court broad and flexible power in correcting invalid convictions or sentences." *Id.* (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963); *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir.1997)).

The Court agrees with Winters that correcting the sentence is the appropriate remedy in this case. Vacating the 924(c) conviction does not undermine Winters' sentence as a whole. The sentence of 120 months in prison for the voluntary manslaughter conviction will remain the same.[4] Therefore, a hearing is not necessary. *See United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (recognizing that "nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correcting' a prisoner's unlawful sentence without conducting a formal 'resentencing'") (brackets omitted) (quoting 28 U.S.C. § 2255(g)).

---

possibility that the United States Supreme Court someday might resolve the circuit splits that are developing in this area of the law." (Doc. 14.)

[3] As indicated by the government, a case is currently pending before the Eighth Circuit where the issue on appeal is whether voluntary manslaughter is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). *See Brian Gene McCoy v. United States*, Case No. 16-3953.

[4] The parties agree that Winters should not be subject to the statutory maximum penalty increase to 180 months that occurred after Winters' original judgment was entered. *See, e.g., United States v. Mueller*, 661 F.3d 338, 345 (8th Cir. 2011) ("The ex post facto clause generally prohibits the retroactive application of a criminal statute that changes the legal consequences for a crime after it was committed.") (citing *Miller v. Florida*, 482 U.S. 423, 430 (1987)).

Having concluded that Winters' § 924(c) conviction is unlawful, the Court will strike that conviction and sentence but will leave the sentence on the voluntary manslaughter count. Accordingly,

**IT IS ORDERED**:

1. That Stacy Winters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is granted.

2. That a Third Amended Judgment shall be prepared to reflect that: 1) the sentence for use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count two) is vacated; 2) Winters' sentence of 120 months' imprisonment as to voluntary manslaughter in count one remains in effect, and; 3) the term of supervised release is corrected to three years.

Dated this 187 day of November, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

7